PLOTKIN, Judge.
The defendant was charged on November 11, 1985, with two counts of first degree murder, violations of R.S. 14:30. Although the defendant was charged in Terrebonne Parish, venue was changed to Criminal District Court because of adverse publicity. The first trial, held in November 1987, was declared a mistrial when the jury was unable to reach a verdict. In December 1987, the State amended the bill of information to charge the defendant with two counts of second degree murder, violations of R.S. 14:30.1. Following a second trial in April 1988, the defendant was found guilty as charged on count one, and convicted of manslaughter on count two. The defendant was sentenced to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence on count one, and to twenty-one years at hard labor on count two. The sentences are to run concurrently.
The defendant’s appeal was filed in this court raising three assignments of error: (1) the evidence was insufficient to support the verdict; (2) the trial court erred in permitting the use of an “expert” witness; (3) the trial court erred in denying the motion for new trial based on sufficiency of evidence. This court in State v. Bosworth, 593 So.2d 1356 (La.App. 4th Cir.1992), reversed the defendant’s conviction and remanded the case for a new trial because the trial court erred in allowing the “expert” witness to testify. This court expressly pretermitted discussion of the other assignments of error raising sufficiency of evidence.
The defendant filed a “Motion for Dismissal of Proceedings Based Upon Prohibition Against Double Jeopardy and Incorporated Memorandum of Law.” The trial court granted the defendant’s motion. The state seeks a supervisory writ of review.
The trial court granted the defendant’s motion on the two grounds set forth in Exhibit B: (1) that double jeopardy existed in the case because of the failure of the appellate courts to consider the defendant’s claim of insufficient evidence when the issue was presented on appeal; and, (2) when this court concluded that the expert witness testimony was inadmissible, “it left a reasonable hypothesis of innocence with no rebutting evidence.” Thus, because the state has stipulated that no new evidence will be presented at the new trial, the trial court concluded that the evidence presented at the upcoming trial would be insufficient to convict the defendant.

Double Jeopardy

Although not stated in the trial court’s order granting the defendant’s motion, it appears that the trial court relied on the recent Louisiana Supreme Court case of State v. Hearold, 603 So.2d 731 (La.1992). In Hearold, which was decided six months after this court’s decision in Bosworth, the Louisiana Supreme Court provided guidance for appellate court’s when faced with appeals raising both evidentiary and sufficiency of evidence issues:
“When issues are raised on appeal as to both the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal ..., if a rational trier of fact, viewing the evidence in accordance with Jackson v. Virginia ... in a light most favorable to the prosecution, could not reasonably conclude that all of the essential elements of the offense have been proved beyond a reasonable doubt. When the entirety of the evidence, including inadmissible evidence which was erroneously omitted, is insufficient to support the conviction, the accused must be discharged as to that crime, and any discussion by the court of the trial error issues as to that crime would be pure dicta since those issues are moot.” [citations omitted]
Hearold, 603 So.2d at 734.
The trial court apparently believed that this language required an appellate court to review for sufficiency of evidence first, and, if the appellate court refused to do so, retrial would be barred by double jeopardy.
A reading of the Supreme Court’s statement in Hearold quoted above indicates that the Supreme Court is suggesting the procedure for appellate courts to follow rather than issuing a mandate which must be fol *1334 lowed in every ease. Certainly the Supreme Court’s suggestion is a good one as to eases in which the evidence is insufficient should not be retried. However, failure of an appellate court to review for sufficiency first should not prevent a retrial on the basis of double jeopardy. If the defendant in this case was unsatisfied with this court’s ruling, he could have petitioned for a rehearing requesting that this court review for sufficiency of evidence, or filed a writ application with the Supreme Court requesting that this issue be addressed. The defendant’s convictions and sentences were reversed by this court because of a trial court error which does not prohibit retrial under the principles of double jeopardy. This court, at that time, specifically pretermitted the other legal issues, including a sufficiency of evidence review. The Louisiana Supreme Court’s dicta in Hearold providing guidance to the appellate courts does not change this well established principle. Accordingly, the trial court erred in concluding that double jeopardy barred retrial because of the failure of the appellate court to review the sufficiency of evidence claim on appeal.

Sufficiency of Evidence

The trial court also held that the charges should be dismissed because the state does not have sufficient evidence to support a conviction. The trial court reasoned that this court’s holding that the state’s expert witness’ testimony is inadmissible left a “reasonable hypothesis of innocence with no rebutting evidence.” The trial court has apparently reviewed the sufficiency of evidence and has determined that the remaining evidence under the Jackson v. Virginia standard would be insufficient to support a conviction.
The state has stipulated that it would present no new evidence at the upcoming trial. However, the trial court has no authority to review the sufficiency of evidence from a previous trial, particularly when an appellate court has already heard and determined the appeal from that trial. The trial court may believe that the remaining evidence would not be sufficient; however, it must wait until after the state has presented its evidence at the upcoming trial, and the defendant has filed the appropriate motions, before it may rule on the sufficiency of the evidence. This court has already determined that the defendant’s convictions and sentences should be reversed, and the case should be remanded for a new trial. The trial court is not in a position to hold that the evidence from the previous trial is insufficient and a new trial should not be conducted.
The ruling of the trial court is reversed and the charges against the defendant are reinstated.
WARD, J., dissents.